UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

ROYAL PARK INVESTMENTS SA/NV,

                Plaintiff,

    - against -

BANK OF AMERICA CORPORATION, et al.,

                Defendants.

-----------------------------------------X

ROYAL PARK INVESTMENTS SA/NV,

                Plaintiff,

    - against -

BANK OF AMERICA CORPORATION, et al.,

                Defendants.

-----------------------------------------X

PHOENIX LIGHT SF LIMITED, et al.,

                Plaintiffs,

    - against -

BANK OF AMERICA CORPORATION, et al.,

                Defendants.

-----------------------------------------X

13 Civ. 490 (RWS)
OPINION

13 Civ. 491 (RWS)
OPINION

13 Civ. 492 (RWS)
OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/13

1

PHOENIX LIGHT SF LIMITED, et al.,

                    Plaintiffs,

                                              13 Civ. 494 (RWS)
                                                   OPINION

     - against -

BANK OF AMERICA CORPORATION, et al.,

                    Defendants.

----------------------------------------X


SILVER ELMS CDO II LTD, et al.,

                    Plaintiffs,

                                              13 Civ. 501 (RWS)
                                                   OPINION

     - against -

BANK OF AMERICA CORPORATION, et al.,

                    Defendants.

----------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiffs

          GUZOV, LLC
          900 Third Avenue, 5th Floor
          New York, NY 10022
          By:  Anne W. Salisbury, Esq.
               Debra J. Guzov, Esq.
               David J. Kaplan, Esq.


          Attorneys for Countrywide Defendants

          GOODWIN PROCTOR LLP
          53 State Street
          Exchange Place
          Boston, MA 02109
          By:  Daniel Roeser, Esq.
               Brian E. Pastuszenski, Esq.
               Inez H. Friedman-Boyce, Esq.

**Sweet, D.J.,**

      Defendants Countrywide Financial Corporation,
Countrywide Securities Corporation, Countrywide Capital markets,
LLC, Countrywide Home Loans, Inc., CWABS, Inc., CWALT, Inc.
CWHEQ, Inc., and CWMBS, Inc. (collectively, "Countrywide"), have
moved to stay five related cases[1] pending a final determination
by the Judicial Panel on Multi-District Litigation (the "JPML")
on whether to centralize these cases with 34 other cases
assigned to the Countrywide mortgage-backed securities ("MBS")
multidistrict litigation, <u>In re Countrywide Mortgage-backed
Securities Litigation</u>, Case No. 11-ML-02265-MRP-MAN (C.D. Cal.),
pending in the Central District of California (the "Countrywide
MBS MDL").

      Plaintiffs have opposed the instant motion as well as
the JPML's Conditional Transfer Order dated February 6, 2013
(the "CTO"), and have filed their motion to vacate the CTO on
February 27, 2013, in compliance with the JPML's briefing

---

[1] Countrywide's motion to stay is directed to the following five cases: (i)
<u>Royal Park Investments SA/NV v. Bank of America Corp., et al.</u>, Case No. 13-
CV-00490 ("Royal Park I"); (ii) <u>Royal Park Investments SA/NV v. Bank of
America Corp., et al.</u>, Case No. 13-CV-00491 ("Royal Park II"); (iii) <u>Phoenix
Light SF Limited, et al. v. Bank of America Corp., et al.</u>, Case No. 13-CV-
00492 ("Phoenix Light II"); (iv) <u>Phoenix Light SF Limited, et al. v. Bank of
America Corp., et al.</u>, Case No. 13-CV-00494 ("Phoenix Light I"); and (v)
<u>Silver Elms CDO II Ltd. & Kleros Preferred Funding V PLC v. Bank of America
Corp., et al.</u>, Case No. 13-CV-00501 ("Silver Elms").

schedule.   Under the JPML's procedures, Plaintiff's' motion to vacate will be fully submitted and considered at the next JPML hearing on May 30, 2013.

Upon the facts and conclusions set forth below, the Defendants' motion is granted.

## I. Prior Proceedings and Facts

Plaintiffs commenced these five actions in the Supreme Court of the State of New York by filing a Summons with Notice pursuant to N.Y. Civ. Pract. L. & Rules § 305(b).

On August 15, 2011, the JPML formed the Countrywide MBS MDL to centralize Countrywide MBS cases that "involve common questions of fact arising out of allegations that Countrywide misrepresented to its investors origination practices for, and the credit quality of, the mortgage loans it originated from 2004 to 2007." In re Countrywide Fin. Corp. Mortg.- Backed Sec. Litig., 812 F. Supp. 2d 1380, 1382 (J.P.M.L. 2011).  The JPML selected the Central District of California as the most convenient forum for the Countrywide MBS MDL court because the "Countrywide parties, witnesses, and documents are located

primarily in Calabasas, Agoura Hills or Westlake Village, California (within the Central District of California)." Id. at 1384.  The JPML selected the Honorable Mariana R. Pfaelzer to oversee the Countrywide MBS MDL because "her knowledge of the factual issues in these cases developed from handling several Countrywide-related securities cases over the past three years" made her "well-positioned to preside over this MDL." Id.  Since the JPML's initial transfer order, final transfer orders have been issued in another 23 cases, including 12 cases then-pending in the Southern District of New York.  In addition, a conditional transfer order has been issued for another seven cases (including the five present cases), all of which are related to each other and pending in the Southern District of New York.  To date, 34 cases in all have been centralized in the Countrywide MBS MDL.

On January 20, 2013, Countrywide removed the present cases from New York state court on the bases of bankruptcy "related to" jurisdiction under 28 U.S.C. § 1452(a), Edge Act jurisdiction under 12 U.S.C. § 632, and diversity jurisdiction under 28 U.S.C. § 1332.  See Royal Park I (Dkt. No. 1), Royal Park II (Dkt. No. 1), Phoenix Light I (Dkt. No. 1), Phoenix Light II (Dkt. No. 1), and Silver Elms (Dkt. No. 1).

5

On January 29, 2013, Countrywide notified the JPML that these cases were potential "tag-along" actions to the Countrywide MBS MDL, as both its counsel and Plaintiffs' counsel were required to do.  See Notice of Related Actions (Jan. 29, 2013) (Roeser Decl. Ex. F).

On February 6, 2013, the JPML issued the CTO conditionally transferring all five cases to the Countrywide MBS MDL.  See JPML Conditional Transfer Order (CTO-19) (Roeser Decl. Ex. A).  After Plaintiffs opposed the CTO, the JPML issued a briefing schedule which directed Plaintiffs to file their motion to vacate on or before February 27, 2013, with Countrywide Defendants' opposition due on or before March 20, 2012.  On May 30, 2013 the JPML is scheduled to hear Plaintiffs' motion.

## II. **Discussion**

This Circuit Routinely Grants Motions to Stay Proceedings Pending JPML Action

It is well settled that district courts have the power to stay proceedings.  See Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in

6

every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants.")  Courts considering stay applications must "exercise [their] judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55.

In deciding whether a stay is appropriate, "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Co., No. 01-1044(RJH)(HBP), 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005) (citing Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

In addition, where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML. See e.g., Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1046-47 (E.D. Wis. 2001) (staying the question of whether there was federal question jurisdiction pending the results of proceedings before the JPML seeking to

7

transfer the case to another district); Aikins v. Microsoft
Corp., No. A. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24,
2000) (declining to decide a motion to remand because "the
purpose of the JPML is to promote judicial economy and to
prevent inconsistent rulings [and] [t]his case presents
questions of fact similar to the other actions pending before
the JPML."); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362
(C.D. Cal. 1997) (stating that "a majority of courts have
concluded that it is often appropriate to stay preliminary
pretrial proceedings while a motion to transfer and consolidate
is pending with the MDL Panel because of the judicial resources
that are conserved."); Johnson v. AMR Corp., Nos. 95 C 7659 to
95 C 7664, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996)
(staying any ruling on a jurisdictional motion until the MDL
Panel ruled on the issue of transfer and stating that "the
benefits of transferring [the cases] to the MDL – the body
established by Congress specifically to ameliorate the
duplicative litigation and the valuable waste of judicial
resources – are obvious.")

In Ivy v. Diamond Shamrock Chem. Co., the Second
Circuit held that it is appropriate for the JPML to transfer

8

cases in which remand motions are pending for resolution by the MDL court, stating that:

> [T]he jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.  We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court.

901 F.2d 7, 9 (2d Cir. 1990) (internal citation omitted).  Thus, when the jurisdictional issue "involves common questions of law and fact" with cases in a MDL litigation, then having "the jurisdiction objection . . . heard and resolved by a single court . . . [promotes] [c]onsistency as well as economy."  Id.

Following Ivy, courts in this Circuit have exercised their discretion and deferred ruling on motions to remand in order to permit the MDL court selected by the JPML to decide such motions.  See e.g., Debono v. Am. Home Prod. Corp., No. 04-CV-3810, 2004 WL 2601177, at *1 (S.D.N.Y. Nov. 16, 2004) (explaining that "it would be more prudent and more consistent with the concept of multidistrict litigation to send these cases to the MDL Court for its decision on the remand motions . . .[T]ransfer of these motions to the MDL Court will best keep with the spirit of multidistrict litigation."); Med. Soc'y of

State of N.Y. v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 91
(S.D.N.Y. 2001) (finding that although a district court
"remain[s] empowered to decide pending remand motions," the
"Second Circuit has . . . intimated that allowing the transferee
court to resolve the jurisdictional question may be the
preferable practice."). This Court recently stayed motions to
remand in three cases pending a decision by the JPML on transfer
in what became In re: Facebook, Inc. IPO Sec. and Deriv. Litig.,
12-MD-2389(RWS), because the remand motions raised common issues
that should be decided by one court. See Hubuschman v.
Zuckerberg, No. 3:12-CV-3366, slip op. at 3-4 (N.D. Cal. Sept.
11, 2012) (Roeser Decl. Ex. G); Cole v. Zuckerberg, No. 3:12-CV-
3367, slip op. at 3-4 (N.D. Cal. Sept. 11, 2012) (Roeser Decl.
Ex. G); Levy v. Zuckerberg, No. 3:12-CV-3642, slip op.
at 3-4 (N.D. Cal. Sept. 11, 2012) (Roeser Decl. Ex. G).

        In addition, the JPML has repeatedly cited to Ivy in
support of holding that cases with pending remand motions,
including the Countrywide MBS cases, should be transferred to
the MDL court for resolution of those motions. See, e.g., In
re: Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., MDL
No. 2265, slip op. at 1 (J.P.M.L. Apr. 16, 2012) (Franklin Bank
JPML Transfer Order at 1) (citing Ivy, 901 F.2d at 7, and

holding that the "plaintiff can present its pending motion for
remand to state court to the transferee judge . . .  The
transferee judge has resolved quickly remand motions in other
Countrywide MBS cases before her."); In re: Countrywide Fin.
Corp. Mortg.-Backed Sec. Litig., MDL No. 2265, slip op. at *1
(J.P.M.L. Dec. 14, 2011) (United Western Bank JPML Transfer
Order at 1) (same).


Various Factors Weigh in Favor of A Stay


        In weighing the private interests of and burdens upon
the non-moving and moving parties, the balance favors Defendants
Countrywide and in staying the case.  First, the Plaintiffs and
their prosecution of the cases will not be prejudiced by a stay.
All of the present cases, like the 34 other cases centralized in
the Countrywide MBS MDL, are "brought by investors in
Countrywide mortgage-backed securities" and are based on
allegations that "Countrywide misrepresented to its investors
origination practices for, and the credit quality of, the
mortgage loans" that it originated from between 2004 through
2007.  See Countrywide, 812 F. Supp. 2d at 1382.  More
specifically, the summonses in all five present actions assert
that "[t]he offering materials issued by Defendants . . .

11

contained material misrepresentations and omissions regarding
the underwriting standards used to issue the mortgage loans that
were pooled together into the Offerings . . . ." Royal Park I
Summons at 3; see also id. at 2 ("[T]he Offering Materials also
contained material misrepresentations and omissions regarding
key statistical characteristics of the mortgage loans underlying
the Securities, including the loans' loan-to-value ratios and
combined loan-to-value ratios, as well as the percentage of
owner-occupied properties.").

         Due to the similarity of the Plaintiffs' claims to
those pending in the Countrywide MBS MDL, the JPML is likely to
transfer the cases promptly.  See Franklin Bank JPML Transfer
Order at 2 (stating that "[t]ransfer . . . will not delay
unnecessarily the resolution of the pending remand
motion.  The transferee judge has resolved quickly remand
motions in other Countrywide MBS cases before her."); United
Western Bank JPML Transfer Order at 1-2 (same).

         Plaintiffs contend that a stay pending the JPML's
final transfer order "will clearly prejudice Plaintiffs by
depriving them of their chosen forum for months."  (Pl. Opp. at
10).  However, the JPML is scheduled to hear Plaintiff's motion

12

on the next available date on May 30, 2013.  Courts have
determined that such short delays caused by staying proceedings
until the JPML decides whether to transfer a case usually do not
prejudice the plaintiff.  See e.g., Animal Sci. Prods., Inc. v.
Hebei Welcome Pharmaceutical Co. Ltd., No. CIVACV-05-453DGT,
2005 WL 3555926, at *1 (stating that "any stay relative to the
MDL Panel's decision will be relatively short in duration and
will not prejudice plaintiffs"); Med. Soc'y of State of N.Y.,
187 F. Supp. 2d at 92 (finding that "plaintiffs have not
demonstrated any prejudice in the event of a stay except the
slight delay in deciding the remand motion"); Rosenfeld v.
Hartford Fire Ins. Co., No. 88-CV-2153, 1988 WL 49065, at *2
(S.D.N.Y. May 12, 1988) (staying the case pending a decision by
the JPML because, "[w]hile [plaintiffs] may suffer some initial
delay, once the cases are coordinated . . . more time may well
be saved than was lost.").  Accordingly, Plaintiffs has failed
to show any significant prejudice they would suffer, beyond the
slight delay pending the JPML decision.

        Plaintiffs also contend that the JPML transfer will
deprive the Plaintiffs of "the benefit of recent authority in
the Southern District of New York."  (Pl. Opp. at 10).  They
cite to no authority, however, for the proposition that a

13

plaintiff's desire to have the law of one forum apply to its case outweighs the efficiency and economy concerns that lead the JPML to form an MDL proceeding in another forum.  In addition, this Court, like the court in United Western Bank "declines to speculate as to why Plaintiff prefers to obtain that ruling here and further declines to assume that Plaintiff will be prejudiced if it does not do so."  Fed. Deposit Ins. Corp. as Receiver for United Western Bank v. Countrywide Fin. Corp., No. 11-CV-02268, 2011 WL 4372915, at *3 (D. Colo. Sept. 19, 2011) ("United Western Bank").

In contrast, if the instant cases are not stayed pending a decision on transfer by the JPML, Defendants may face the risk of inconsistent pre-trial rulings on Plaintiff's motions to remand.  Courts have expressed concerns that "any decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be relitigated."  Animal Sci. Prods., 2005 WL 3555926, at *1. Thus, "the risk of hardship to [defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [plaintiff]." North v. Merck & Co., Inc., No. 05-CV-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005).

As discussed above, there exists extensive overlap
between the factual issues in the instant remand motions and in
the cases before Judge Pfaelzer.  Those other cases involved
Countrywide MBS backed by loans purchased from the same bankrupt
originators[2] that are at issue here, pursuant to the same loan
purchase agreements, involving the same proofs of claim and in
some instances, the same MBS.  Courts have found cases to be
related in similar circumstances.  See e.g., Stichting
Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 309-
10 (C.D. Cal. 2010).  ("related to" bankruptcy jurisdiction
existed based on the Purchase Agreement between CHL and AHM, and
CHL's indemnification claims in the AHM bankruptcy proceeding);
Fed. Deposit Ins. Corp. as Receiver for Franklin Bank, S.S.B. v.
Countrywide Sec. Corp., No. 12-CV-03279-MRP (MANx), slip op. at
4 (C.D. Cal. Aug. 3, 2012) ("related to" bankruptcy jurisdiction
existed based on purchase agreements between CHL and various
bankrupt originators, including AHM, Alliance Bancorp, Alliance
Bancorp, Inc., Cameron Financial Group, Inc., ComUnity Lending,

---

[2] The Bankrupt Originators in these cases are 1st Republic Mortgage Bankers,
Ace Mortgage Funding, LLC, Alliance Bancorp, Alliance Bancorp, Inc., American
Home Mortgage Corporation, Cameron Financial Group, Inc., ComUnity Lending,
Inc., Fieldstone Mortgage Company, First NLC Financial Services, LLC, GMAC
Mortgage, LLC, Home Savings Mortgage, Homebanc Mortgage Corporation,
Mountain View Mortgage Company, Prime Mortgage Financial, Inc., Premier
Mortgage Funding, Inc., Residential Funding Company, and Southern Star
Mortgage Corp.  See Removal Notices at ¶ 10.

15

Inc., Fieldstone Mortgage Company, First NLC Financial Services,
LLC, and Premier Mortgage Funding, Inc. and CHL's
indemnification claims in their bankruptcy proceedings) (Ex. J);
Luther v. Countrywide Fin. Corp., No. 12-CV-05125-MRP (MANx),
slip. op. at 5 (C.D. Cal. Sept. 4, 2012) ("related to"
bankruptcy jurisdiction existed based on purchase agreements
between CHL and Residential Funding Company and GMAC Mortgage,
LLC and CHL's indemnification claims in their bankruptcy
proceedings).

        In sum, due to the overlap between both the legal and
factual issues presented by the remand motions in the instant
cases and the remand motions that Judge Pfaelzer has previously
decided in other cases centralized in the Countrywide MBS MDL.
"Rather than have the potential for inconsistent decisions on
the common issue [underlying multiple motions to remand],
th[ese] action[s] should be stayed pending action on the
transfer to the MDL." Mick v. GlaxoSmithKline, PLC, No. 08-CV-
386, 2008 WL 4147555, at *6 (W.D.N.Y. Sept. 2, 2008).

        In addition, courts in this Circuit have recognized
that stays pending transfer "will also conserve judicial
resources, one of the fundamental goals of multidistrict

16

litigation practice." <u>North</u>, 2005 WL 2921638, at *2, <u>Animal
Sci. Prods.</u>, 2005 WL 3555926, at *1 ("in granting the stay
[pending JPML transfer] valuable judicial resources will be
preserved."); <u>Med. Soc'y of State of N.Y.</u>, 187 F. Supp. 2d at 92
("[p]ermitting the MDL court to decide the [remand] issue . . .
would minimize the duplication of judicial resources.")

Plaintiffs contend that "[t]here will be no
'duplication of judicial resources'" because the remand motions
will "inevitably focus[]" on a "fresh fact-specific inquiry"
which either this Court or Judge Pfaelzer can undertake.  (Pl.
Opp. at 2, 12).  While any court may be capable of deciding the
issues, Judge Pfaelzer has already decided the same legal issues
presented by Plaintiffs' remand motions and has familiarity with
the remand issues raised in other Countrywide MBS cases,
including <u>Franklin Bank</u> and <u>United Western Bank</u>.  Judge Pfaelzer
has previously examined the same indemnification agreements
entered into by the same bankrupt third party lenders that
originated from the same loans that backed the securities
purchased by the Plaintiffs here.  Thus, there are compelling
efficiencies in allowing Judge Pfaelzer to resolve Plaintiffs'
remand motions.

Indeed, other federal courts have found that efficiency would be served in staying MBS suits against Countrywide where plaintiffs were pressing for immediate resolution of their remand motions pending JPML transfer. See, e.g., United Western Bank, 2011 WL 4372915, at *2 (staying proceedings pending transfer) ("United Western Bank"); Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Countrywide Fin. Corp., No. 11-CV-04188, slip. op. (S.D. Tex. Jan. 10, 2012) (same). Numerous courts in this Circuit have likewise recognized that "valuable judicial resources will be preserved" through a stay in such circumstances. North, 2005 WL 2921638, at *2; see also Med. Soc'y of State of N.Y., 187 F. Supp. 2d at 92 ("[p]ermitting the MDL court to decide the [remand] issue . . . would minimize the duplication of judicial resources"); Debono, 2004 WL 2601177, at *1 (deferring remand decision because "numerous motions to remand have been filed [in the MDL court], with more likely to come."). As the JPML stated in forming the MDL, "[c]entralization . . . will ensure that a single judge presides over these actions providing consistency, preventing conflicting rulings, and greatly reducing the duplicative expenditure of judicial resources. In re Countrywide Fin. Corp., 812 F. Supp. 2d at 1383.

18

Finally, The JPML's transfer orders in <u>United Western Bank</u>, 2011 WL 4372915 and <u>Franklin Bank</u>, No. 11-CV-04188, slip. op., suggest that it is likely that the JPML will transfer the instant five cases as all of the cases "involve[] common questions of fact with the actions previously transferred to MDL No. 2265, and . . . transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." <u>United Western Bank</u> JPML Transfer, MDL No. 2265, slip op. at 1, (Doc. No. 280); accord <u>Franklin Bank</u> JPML Transfer Order, MDL No. 2265, slip op. at 1 (same) (Ex. E). Upon its review of these actions, the JPML also conditionally transferred the present cases, along with two others, to the MDL court because it appeared they "involve questions of fact that are common to the actions previously transferred to the Central District of California." <u>See</u> MDL No. 2265, slip op. at 1 (Doc. No. 384) (J.P.M.L. Conditional Transfer Order (CTO-19), Feb. 6, 2013) (Ex. A).

In weighing the relevant factors and interests of the parties and the courts, a stay would be an appropriate exercise of this Court's discretion. A stay is not likely to prejudice or cause hardship to the Plaintiffs, as any delay resulting from a stay will likely be of short duration. In addition, a stay

19

will eliminate the risk of inconsistent rulings and conserve
judicial resources.


III. __Conclusion__


      Based upon the conclusions set forth above, the
Defendants' motion to stay is granted.


      It is so ordered.


**New York, NY**
**April /₁₄/ 2013**

                          **ROBERT W. SWEET**
                             **U.S.D.J.**